1   ALAN J. LAZARUS (SBN #129767)
    alan.lazarus@dbr.com
2   WILLIAM A. HANSSEN (SBN #110613)
    william.hanssen@dbr.com
3   SALLY F. WHITE (SBN #273765)
    sally.white@dbr.com
4   DRINKER BIDDLE & REATH LLP
    50 Fremont Street, 20th Floor
5   San Francisco, CA  94105-2235
    Telephone:    (415) 591-7500
6   Facsimile:    (415) 591-7510

7   Attorneys for Defendants
    ZICAM LLC and MATRIXX
8   INITIATIVES, INC.

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11

12  YESENIA MELGAR, on Behalf of Herself      Case No. 2:14-cv-00160-MCE-AC
    and all Others Similarly Situated,
13                                            **DEFENDANTS MATRIXX INITIATIVES,**
                       Plaintiff,             **INC.'S AND ZICAM LLC'S ANSWER TO**
14                                            **FIRST AMENDED CLASS ACTION**
    v.                                        **COMPLAINT**
15
    ZICAM LLC and MATRIXX                     **[DEMAND FOR JURY TRIAL]**
16  INITIATIVES, INC.,

17                     Defendants.

18

19        Defendants Matrixx Initiatives, Inc. ("Matrixx") and Zicam LLC ("Zicam") (collectively

20  "Defendants") hereby answer Plaintiff Yesenia Melgar's ("Plaintiff") First Amended Complaint

21  ("Complaint"), as follows:

22

23        1.    Defendants admit that Plaintiff purports to bring this action as a class action

24  regarding the sale of Zicam Pre-Cold RapidMelts Original, Zicam Pre-Cold RapidMelts Ultra,

25  Zicam Pre-Cold Oral Mist, Zicam Pre-Cold Ultra Crystals, Zicam Pre-Cold Lozenges, Zicam Pre-

26  Cold Lozenges Ultra, and Zicam Pre-Cold Chewables (hereinafter "Zicam Pre-Cold Products"),

27  but deny that this case is amenable to class treatment.  Defendants admit that their Zicam Pre-

28  Cold Products are over-the-counter, homeopathic remedies and that Defendants market them as

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1                                              CASE NO. 2:14-cv-00160-MCE-AC

1    such.  Defendants state that the labeling and advertising for each of the Zicam Pre-Cold Products

2    speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct

3    context.  To the extent statements attributed to Defendants in paragraph 1 of the Complaint are

4    not verbatim, accurate, complete and used within the correct context, Defendants deny them.

5    Defendants deny that any representations regarding Zicam Pre-Cold Products are false.

6         2.      Defendants deny the allegations in paragraph 2 that any of their representations

7    regarding any Zicam Pre-Cold Products are false.  Defendants deny the remaining allegations in

8    paragraph 2 of the Complaint.  Defendants state that the labeling and advertising of each of the

9    Defendants' Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim,

10   accurately, in their entirety and in the correct context.  To the extent statements attributed to

11   Defendants in paragraph 2 of the Complaint are not verbatim, accurate, complete and used within

12   the correct context, Defendants deny them.

13        3.      Defendants deny the allegations in paragraph 3 of the Complaint.

14        4.      Defendants deny the allegations in paragraph 4 of the Complaint.  Defendants

15   deny the allegations that Zicam Pre-Cold Products are ineffective and further deny that the

16   advertising claims and marketing practices were false and misleading.  Defendants have

17   insufficient knowledge to form a belief as to the truth of the allegations regarding Plaintiff's or

18   members of the purported class' alleged purchase of Zicam Pre-Cold Products and therefore deny

19   these allegations.  Defendants deny the remaining allegations in paragraph 4 of the Complaint.

20        5.      Defendants admit that the Complaint seeks relief on behalf of Plaintiff and all

21   purchasers of Zicam Pre-Cold Products, but deny that Plaintiff or purchasers are entitled to any

22   relief.  Defendants deny the remaining allegations in paragraph 5 of the Complaint.

23        6.      Defendants lack knowledge or information sufficient to form a belief as to the

24   truth of the allegations in paragraph 6 of the Complaint and therefore deny them.

25        7.      Zicam admits that it is an Arizona Limited Liability Company with its principal

26   place of business at 16412 North 92nd Street, Scottsdale, Arizona 85260.  Zicam admits it is

27   engaged in the business of manufacturing, marketing and selling of Zicam Pre-Cold Products

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 2 -                    CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

1   under the Zicam brand name.  Zicam admits it is a wholly owned subsidiary of Matrixx

2   Initiatives, Inc.  Defendants deny the remaining allegations in paragraph 7 of the Complaint.

3        8.     Matrixx admits that it is a Delaware corporation with its principal place of

4   business located at 440 Rte. 22 East, 1 Grand Commons, Suite 130, Bridgewater, New Jersey.

5   Defendant admits that it is in the business of the marketing and selling of Zicam Pre-Cold

6   Products under the Zicam brand name.  Defendants state that the labeling of each of the

7   Defendants' Zicam Pre-Cold Products and Defendants' website speak for themselves and should

8   only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the

9   statements attributed to Defendants in Paragraph 8 of the Complaint are not verbatim, accurate

10  and complete and used within the correct context, Defendants deny them.  Defendants deny the

11  remaining allegations in paragraph 8 of the Complaint.

12       9.     Defendants admit they are engaged in the business of marketing and selling over-

13  the-counter homeopathic cold remedy products under the Zicam brand name and that they

14  conduct business throughout the state of California.  Defendants deny the remaining allegations

15  of paragraph 9 of the Complaint.

16       10.     Defendants deny the allegations of paragraph 10 of the Complaint.

17       11.     Paragraph 11 of the Complaint contains legal conclusions to which no response

18  is required.

19       12.     Defendants lack knowledge or information sufficient to form a belief as to the

20  truth of the allegations in paragraph 12 of the Complaint and therefore deny them.

21       13.     Defendants admit they do business throughout this district.  Defendants are

22  without information sufficient to form a belief as to the remaining allegations of paragraph 13 of

23  the Complaint and therefore deny them.

24       14.     Defendants admit that zincum aceticum and zincum gluconicum are the active

25  ingredients in the Zicam Pre-Cold Products and that all Zicam Pre-Cold Products contain those

26  ingredients in homeopathic strengths.

27       15.     Defendants state that the labeling for each of Zicam Pre-Cold Product speaks for

28  itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1

- 3 -

CASE NO. 2:14-cv-00160-MCE-AC

1  the extent the statements attributed to Defendants in paragraph 15 of the Complaint are not

2  verbatim, accurate, complete and used within the correct context, Defendants deny them.

3  Defendants admit that Zicam Pre-Cold Products contain zinc gluconate and/or zinc acetate in

4  homeopathic strengths as set forth on their labels.  Defendants deny the remaining allegations of

5  paragraph 15 of the Complaint.

6          16.     Defendants state that the labeling of Zicam Cold Remedy products speaks for itself

7  and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the

8  extent the statements attributed to Defendants in paragraph 16 of the Complaint are not verbatim,

9  accurate, complete and used within the correct context, Defendants deny them.  Defendants admit

10  that Zicam Pre-Cold Products contain zinc gluconate and/or zinc acetate in homeopathic strengths

11  as set forth on their labels.  Defendants deny the remaining allegations of paragraph 16 of

12  the Complaint.

13          17.     Defendants state that the labeling of Zicam Cold Remedy products speaks for itself

14  and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the

15  extent the statements attributed to Defendants in paragraph 17 of the Complaint are not verbatim,

16  accurate, complete and used within the correct context, Defendants deny them.  Defendants deny

17  the remaining allegations of paragraph 17 of the Complaint.

18          18.     Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and

19  should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the

20  extent statements attributed to Defendants in paragraph 18 of the Complaint are not verbatim,

21  accurate, complete and used within the correct context, Defendants deny them.  Defendants admit

22  that the term "Pre-Cold" is described and defined on the label of Zicam Pre-Cold Products.

23  Defendants deny the remaining allegations in paragraph 18 of the Complaint.

24          19.     Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and

25  should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the

26  extent statements attributed to Defendants in paragraph 19 of the Complaint are not verbatim,

27  accurate, complete and used within the correct context, Defendants deny them.  Defendants admit

28

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT      - 4 -      Case No. 2:14-cv-00160-MCE-AC
LA01/30369814.1

1    that Zicam Pre-Cold Products reduce the duration and shorten colds.  Defendants deny the

2    remaining allegations in paragraph 19 of the Complaint.

3              20.      Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and

4    should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the

5    extent statements attributed to Defendants in paragraph 20 of the Complaint are not verbatim,

6    accurate, complete and used within the correct context, Defendants deny them.  Defendants admit

7    that Zicam Pre-Cold Products reduce the severity of cold symptoms.  Defendants deny the

8    remaining allegations in paragraph 20 of the Complaint.

9              21.      Defendants deny the allegations in paragraph 21 of the Complaint.

10             22.      Defendants admit that Matrixx retained the design firm of Beardwood & Co. to

11   help design the packaging for Zicam Pre-Cold Products.  Defendants state that the quotes of Ms.

12   Julia Beardwood speak for themselves and should only be quoted verbatim, accurately, in their

13   entirety and in the correct context.  To the extent the quotes from Ms. Beardwood are not

14   verbatim, accurate, complete and used within the correct context, Defendants deny them.

15   Defendants state that the labeling of Zicam Pre-Cold Products speaks for itself and should only be

16   quoted verbatim, accurately, in its entirety and in the correct context.  To the extent statements

17   attributed to Defendants in paragraph 22 of the Complaint are not verbatim, accurate, complete

18   and used within the correct context, Defendants deny them.  Defendants deny the remaining

19   allegations of paragraph 22 of the Complaint.

20             23.      Defendants state any quotes of Leslie Molloy speak for themselves and should

21   only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the

22   quotes attributable to Ms. Malloy or Defendants in paragraph 23 of the Complaint are not

23   verbatim, accurate, or complete and used within the correct context, Defendants deny them.

24   Defendants admit that the Pre-Cold logo is on the label of Zicam Pre-Cold Products.  Defendants

25   deny the remaining allegations in paragraph 23 of the Complaint.

26             24.      Defendants admit that beginning in 2012 they ran commercials with the

27   "Cold Monster" on national television.  Defendants state that the commercials and advertising of

28   Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 5 -          CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

1   their entirety and in the correct context.  To the extent the statements attributed to Defendants in

2   paragraph 24 of the Complaint are not verbatim, accurate, complete and used within the correct

3   context, Defendants deny them.

4        25.   Defendants deny the allegations of paragraph 25 of the Complaint.

5        26.   Defendants admit the allegations of paragraph 26 of the Complaint.

6        27.   Defendants admit the allegations of paragraph 27 of the Complaint.

7        28.   Defendants admit that beginning in 2012 they ran commercials with the

8   "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold

9   Products speak for themselves and should only be quoted verbatim, accurately, in their entirety

10   and in the correct context.  To the extent the statements attributed to Defendants in paragraph 28

11   of the Complaint are not verbatim, accurate, complete and used within the correct context,

12   Defendants deny them.  Defendants admit that the still image in paragraph 28 is from the

13   commercial and, except as expressly admitted, deny the remaining allegations.

14        29.   Defendants admit that beginning in 2012 they ran commercials with the

15   "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold

16   Products speak for themselves and should only be quoted verbatim, accurately, in their entirety

17   and in the correct context.  To the extent the statements attributed to Defendants in paragraph 29

18   of the Complaint are not verbatim, accurate, complete and used within the correct context,

19   Defendants deny them.  Defendants admit that the still image in paragraph 29 is from the

20   commercial and, except as expressly admitted, deny the remaining allegations.

21        30.   Defendants admit that beginning in 2012 they ran commercials with the

22   "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold

23   Products speak for themselves and should only be quoted verbatim, accurately, in their entirety

24   and in the correct context.  To the extent the statements attributed to Defendants in paragraph 30

25   of the Complaint are not verbatim, accurate, complete and used within the correct context,

26   Defendants deny them.  Defendants admit that the still image in paragraph 30 is from the

27   commercial and, except as expressly admitted, deny the remaining allegations.

28

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1                                    - 6 -                    Case No. 2:14-cv-00160-MCE-AC

31.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster." Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context. To the extent the statements attributed to Defendants in paragraph 31 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants admit that the still image in paragraph 31 is from the commercial and, except as expressly admitted, deny the remaining allegations.

32.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster." Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context. To the extent the statements attributed to Defendants in paragraph 32 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants admit that the still image in paragraph 32 is from the commercial and, except as expressly admitted, deny the remaining allegations.

33.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster." Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context. To the extent the statements attributed to Defendants in paragraph 33 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants admit that the still image in paragraph 33 is from the commercial and, except as expressly admitted, deny the remaining allegations.

34.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster." Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context. To the extent the statements attributed to Defendants in paragraph 34 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them. Defendants admit that the still image in paragraph 34 is from the commercial and, except as expressly admitted, deny the remaining allegations.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT      - 7 -      CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

35.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 35 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 35 is from the commercial and, except as expressly admitted, deny the remaining allegations.

36.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 36 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the still image in paragraph 36 is from the commercial and, except as expressly admitted, deny the remaining allegations.

37.     Defendants admit that beginning in 2012 they ran commercials with the "Cold Monster."  Defendants state that the commercials and advertising of Zicam Pre-Cold Products speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent the statements attributed to Defendants in paragraph 37 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants deny the remaining allegations in paragraph 37.

38.     Defendants admit the allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Complaint.

41.     Defendants admit that Zicam was the subject of a Direct Marketing News article. The article speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent the statements from the article in paragraph 41 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants deny the remaining allegations of paragraph 41 of the Complaint.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 8 -          CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

42.     Defendants state that the labeling of Zicam Pre-Cold Products and the Zicam website speak for themselves and should only be quoted verbatim, accurately, in their entirety and in the correct context.  To the extent statements attributed to Defendants in paragraph 42 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants admit that the "Cold Monster" image was added to Defendants' website in 2012.  The content of Defendants' website speaks for itself and should only be quoted verbatim, accurately, in its entirety and in the correct context.  To the extent the statements from the article in paragraph 42 of the Complaint are not verbatim, accurate, complete and used within the correct context, Defendants deny them.  Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in the first sentence of paragraph 43 of the Complaint.  Defendants admit the second two sentences of paragraph 43.  The statements in the footnote are not directed at Defendants and do not require a response; to the extent they do, Defendants deny them.

44.     Defendants admit that Zicam Pre-Cold RapidMelts contain a 2x homeopathic strength of zinc acetate and a 1x homeopathic strength of zinc gluconate.  Defendants admit that the first two sentences of paragraph 44 of the Complaint state some methods for homeopathic dilution, but the listed methods are not complete.  Defendants further admit that they used a decimal scale to describe the strength of the active ingredients in Zicam Pre-Cold Products.  Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45.     Defendants admit that shaking and pounding are part of the succussion process, but otherwise deny the remaining allegations of paragraph 45 of the Complaint.

46.     To the extent Plaintiff alleges the contents of the documents cited, the documents speak for themselves, and Defendants deny the allegations in paragraph 46 to the extent they are inconsistent with the contents of such documents.  Except as specifically admitted, Defendants deny the allegations in paragraph 46 of the Complaint.

47.     To the extent Plaintiff alleges the contents of the documents cited, the documents speak for themselves, and Defendants deny the allegations in paragraph 47 to the extent they are

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1                                    - 9 -                    CASE NO. 2:14-CV-00160-MCE-AC

1   inconsistent with the contents of such documents.  Except as specifically admitted, Defendants

2   deny the allegations in paragraph 47 of the Complaint.

3          48.     To the extent Plaintiff alleges the contents of the documents cited, the documents

4   speak for themselves, and Defendants deny the allegations in paragraph 48 to the extent they are

5   inconsistent with the contents of such documents.  Except as specifically admitted, Defendants

6   deny the remaining allegations in paragraph 48 of the Complaint.

7          49.     To the extent Plaintiff alleges the contents of the documents cited, the documents

8   speak for themselves, and Defendants deny the allegations in paragraph 49 to the extent they are

9   inconsistent with the contents of such documents.  Except as specifically admitted, Defendants

10  deny the remaining allegations in paragraph 49 of the Complaint.

11         50.     Defendants admit the allegations in the first sentence in paragraph 50 of the

12  Complaint.  Defendants admit that the results were published in The Lancet but deny the

13  remaining allegations in the second sentence of paragraph 50 of the Complaint.  To the extent the

14  remaining allegations in paragraph 50 allege the contents of the document cited, that document

15  speaks for itself, and Defendants deny the remaining allegations in paragraph 50 to the extent

16  they are inconsistent with such document.  Except as specifically admitted, Defendants deny the

17  remaining allegations in paragraph 50 of the complaint.

18         51.     To the extent Plaintiff alleges the contents of the document cited, that document

19  speaks for itself, and Defendants deny the allegations in paragraph 51 to the extent they are

20  inconsistent with the contents of such document.  Except as specifically admitted herein,

21  Defendants deny each and every remaining allegation in paragraph 51 of the Complaint.

22         52.     To the extent Plaintiff alleges the contents of the document cited, that document

23  speaks for itself, and Defendants deny the allegations in paragraph 52 to the extent they are

24  inconsistent with the contents of such document.  Except as specifically admitted herein,

25  Defendants deny each and every remaining allegation in paragraph 52 of the Complaint.

26         53.     To the extent Plaintiff alleges the contents of the document cited, that document

27  speaks for itself, and Defendants deny the allegations in paragraph 53 to the extent they are

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 10 -
LA01/30369814.1

CASE NO. 2:14-CV-00160-MCE-AC

1    inconsistent with the contents of such document.  Except as specifically admitted herein,

2    Defendants deny each and every remaining allegation in paragraph 53 of the Complaint.

3          54.    To the extent Plaintiff alleges the contents of the document cited, that document

4    speaks for itself, and Defendants deny the allegations in paragraph 54 to the extent they are

5    inconsistent with the contents of such document.  Except as specifically admitted herein,

6    Defendants deny each and every remaining allegation in paragraph 54 of the Complaint.

7          55.    Defendants admit that Zicam Pre-Cold Products are clinically proven to shorten a

8    cold.  Defendants state that Defendants' website speaks for itself and should only be quoted

9    verbatim, accurately, in its entirety and in the correct context.  To the extent the statements

10   attributed to Defendants in paragraph 55 of the Complaint are not verbatim, accurate and

11   complete and used within the correct context, Defendants deny them.  Defendants admit the

12   efficacy of zinc in reducing duration of cold is supported by multiple clinical trials.  Except as

13   expressly admitted herein, Defendants deny the remaining allegations of paragraph 55 of

14   the Complaint.

15         56.    To the extent Plaintiff alleges the contents of the document cited, that document

16   speaks for itself, and Defendants deny the allegations in paragraph 56 of the Complaint to the

17   extent they are inconsistent with the contents of such document.  Except as specifically admitted,

18   Defendants deny the remaining allegations in paragraph 56 of the Complaint.

19         57.    Defendants deny the allegations in paragraph 57 of the Complaint

20         58.    To the extent Plaintiff alleges the contents of the document cited, that document

21   speaks for itself, and Defendants deny the allegations in paragraph 58 of the Complaint to the

22   extent they are inconsistent with the contents of such document.  Except as specifically admitted,

23   Defendants deny the remaining allegations in paragraph 58 of the Complaint.

24         59.    To the extent Plaintiff alleges the contents of the document cited, that document

25   speaks for itself, and Defendants deny the allegations in paragraph 59 of the Complaint to the

26   extent they are inconsistent with the contents of such document.  Except as specifically admitted,

27   Defendants deny the remaining allegations in paragraph 59 of the Complaint.

28         60.    Defendants deny the allegations in paragraph 60 of the Complaint.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT      - 11 -      CASE NO. 2:14-cv-00160-MCE-AC
LA01/30369814.1

1       61.     Defendants admit the allegations in paragraph 61 of the Complaint.

2       62.     Defendants deny the allegations in paragraph 62 of the Complaint.

3       63.     To the extent Plaintiff alleges the contents of the document cited, that document

4   speaks for itself, and Defendants deny the allegations in paragraph 63 of the Complaint to the

5   extent they are inconsistent with the contents of such document.  Except as specifically admitted,

6   Defendants deny the remaining allegations in paragraph 63 of the Complaint.

7       64.     Paragraph 64 contains legal conclusions to which no response is required.  To the

8   extent Plaintiff alleges the contents of the Food, Drug and Cosmetic Act or the Statutes and

9   Regulations, the Act and Statutes and Regulations speak for themselves, and Defendants deny the

10  allegations of Plaintiff to the extent they are inconsistent with the contents of the Act and Statutes

11  and Regulations.  Except as expressly admitted, Defendants deny each and every allegation

12  contained in paragraph 64 of the Complaint.

13      65.     Paragraph 65 contains legal conclusions to which no response is required.  To the

14  extent Plaintiff alleges the contents of the Food, Drug and Cosmetic Act or the Statutes and

15  Regulations, the Act and Statutes and Regulations speak for themselves, and Defendants deny the

16  allegations of Plaintiff to the extent they are inconsistent with the contents of the Act and Statutes

17  and Regulations.  Except as expressly admitted, Defendants deny each and every allegation

18  contained in paragraph 65 of the Complaint.

19      66.     Defendants admit that the Zicam Pre-Cold Products are not required to go through

20  the FDA's new drug application approval process.  Defendants deny the remaining allegations in

21  paragraph 66 of the Complaint.

22      67.     To the extent Plaintiff alleges the contents of the document from which she quotes,

23  that document speaks for itself, and Defendants deny the allegations in paragraph 67 to the extent

24  that they are inconsistent with the contents of such document.  Except as specifically admitted,

25  Defendants deny the remaining allegations of paragraph 67 of the Complaint.

26      68.     Defendants lack knowledge or information sufficient to form a belief as to the

27  truth of the allegations in paragraph 68 of the Complaint and therefore deny them.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT      - 12 -        CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore deny them.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore deny them.

71.     Defendants deny that Zicam Pre-Cold RapidMelts are not effective for treating cold symptoms.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore deny them.

## CLASS ACTION ALLEGATIONS

72.     Defendants admit that Plaintiff purports to bring this action as representative of a class consisting of all persons in the United States who purchased Zicam Pre-Cold Products, but deny that this case is amenable to class treatment.  Defendants deny the remaining allegations of paragraph 72 of the Complaint.

73.     Defendants admit that Plaintiff purports to represent a sub-class of purchasers of Zicam Pre-Cold Products in California, as defined in paragraph 73 of the Complaint, but deny that this case is amenable to class treatment.  Defendants deny the remaining allegations in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint are not directed at Defendants and no response is required.  To the extent a response is required, Defendants deny them. Defendants deny that this case is amenable to class treatment.

75.     The allegations in paragraph 75 of the Complaint are not directed at Defendants and no response is required.  To the extent a response is required, Defendants deny them. Defendants deny that this case is amenable to class treatment.

76.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore deny them.

77.     Defendants admit that Zicam Pre-Cold Products were sold at major retailers across the United States, including Wal-Mart, CVS Pharmacy, Walgreens, Costco, and Target, as well as through online retailers.  The remaining allegations in paragraph 77 of the Complaint state

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 13 -          CASE NO. 2:14-cv-00160-MCE-AC
LA01/30369814.1

1    conclusions of law to which no response is required.  To the extent a response is required,

2    Defendants deny them.  Defendants deny that this case is amenable to class treatment.

3        78.    Defendants deny the allegations of paragraph 78 of the Complaint.

4        79.    Defendants deny the allegations of paragraph 79 of the Complaint.

5        80.    Defendants deny the allegations of paragraph 80 of the Complaint.

6        81.    Defendants deny the allegations of paragraph 81 of the Complaint.

7        82.    Defendants deny the allegations of paragraph 82 of the Complaint.

8        83.    Defendants incorporate by reference all of their responses set forth in paragraphs 1

9    through 82 above, as though fully set forth herein.

10       84.    Defendants admit that Plaintiff purports to bring this claim individually and on

11   behalf of members of a class, but deny this case is amenable to class treatment.

12       85.    The allegations in paragraph 85 of the Complaint state conclusions of law to which

13   no response is required.  To the extent a response is required, Defendants deny them.

14       86.    The allegations in paragraph 86 of the Complaint state conclusions of law to which

15   no response is required.  To the extent a response is required, Defendants deny them.

16       87.    The allegations in paragraph 87 of the Complaint state conclusions of law to which

17   no response is required.  To the extent a response is required, Defendants deny them.

18       88.    Defendants deny the allegations of paragraph 88 of the Complaint.

19       89.    Defendants deny the allegations of paragraph 89 of the Complaint.

20       90.    Defendants deny the allegations of paragraph 90 of the Complaint.

21       91.    Defendants deny the allegations of paragraph 91 of the Complaint.

22       92.    Defendants deny the allegations of paragraph 92 of the Complaint.

23       93.    Defendants admit that they received correspondence from counsel on behalf of

24   Ms. Melgar and that the content of the correspondence speaks for itself.  Except as expressly

25   admitted herein, Defendants deny the remaining allegations in paragraph 93 of the Complaint.

26       94.    Defendants incorporate by reference all of the responses set forth in paragraphs 1

27   through 93 of the Complaint, as though fully set forth herein.

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 14 -          CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

1     95.     Defendants admit that Plaintiff purports to bring this claim individually and on
2   behalf of members of a class, but deny that this case is amenable to class treatment.
3     96.     Defendants deny the allegations of paragraph 96 of the Complaint.
4     97.     Defendants deny the allegations of paragraph 97 of the Complaint.
5     98.     Defendants deny the allegations of paragraph 98 of the Complaint.
6     99.     Defendants deny the allegations of paragraph 99 of the Complaint.
7     100.    Defendants incorporate by reference all of their responses set forth in paragraphs 1
8   through 99 above, as though fully set forth herein.
9     101.    Defendants admit that Plaintiff purports to bring this claim individually and on
10  behalf of members of a class, but deny that this case is amenable to class treatment.
11    102.    Defendants deny the allegations in paragraph 102 of the Complaint.
12    103.    Defendants deny the allegations in paragraph 103 of the Complaint.
13    104.    Defendants deny the allegations in paragraph 104 of the Complaint.
14    105.    Defendants deny the allegations in paragraph 105 of the Complaint.
15    106.    Defendants deny the allegations in paragraph 106 of the Complaint.
16    107.    Defendants incorporate by reference all of their responses set forth in paragraphs 1
17  through 106 above, as though fully set forth herein.
18    108.    Defendants admit that Plaintiff purports to bring this claim individually and on
19  behalf of members of a class, but deny that this case is amenable to class treatment.
20    109.    Defendants deny the allegations of paragraph 109 of the Complaint.
21    110.    Defendants lack sufficient information to form a belief as to the truth of the
22  allegations in paragraph 110 of the Complaint and therefore deny them.
23    111.    Defendants lack sufficient information to form a belief as to the truth of the
24  allegations in paragraph 111 of the Complaint and therefore deny them.
25    112.    Defendants deny the allegations of paragraph 112 of the Complaint.
26    113.    Defendants incorporate by reference all of their responses set forth in paragraphs 1
27  through 112 above, as though fully set forth herein.
28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 15 -          CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

114.    Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny that this case is amenable to class treatment.

115.    The allegations in the second sentence of paragraph 115 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 115 of the Complaint and therefore deny them. Defendants deny the remaining allegations in paragraph 115 of the Complaint.

116.    The allegations in paragraph 116 of the Complaint contain conclusions of law to which no response is required.  To the extent the response is required, Defendants deny the allegations.

117.    The allegations in paragraph 117 of the Complaint contain conclusions of law to which no response is required.  To the extent the response is required, Defendants deny the allegations.

118.    The allegations in paragraph 118 of the Complaint contain conclusions of law to which no response is required.  To the extent the response is required, Defendants deny the allegations.

119.    Defendants deny the allegations of paragraph 119 of the Complaint.

120.    Defendants deny the allegations of paragraph 120 of the Complaint.

121.    Defendants deny the allegations of paragraph 121 of the Complaint.

122.    Defendants deny the allegations of paragraph 122 of the Complaint.

123.    Defendants deny the allegations of paragraph 123 of the Complaint.

124.    Defendants deny the allegations of paragraph 124 of the Complaint.

125.    Defendants deny the allegations of paragraph 125 of the Complaint.

126.    Defendants admit that in December 2013 Plaintiff sent a letter through her counsel to Defendants and that Defendants responded to the letter.  The contents of those correspondence speak for themselves.  Except as otherwise admitted herein, Defendants deny the allegations of paragraph 126 of the Complaint.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1                    - 16 -                    CASE NO. 2:14-CV-00160-MCE-AC

127.   Defendants admit that Plaintiff seeks damages, restitution and injunctive relief for an alleged violation of the CLRA.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 127.

128.   Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 127 of the Complaint, as though fully set forth herein.

129.   Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny that this case is amenable to class treatment.

130.   The allegations of paragraph 130 state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

131.   Defendants deny the allegations in paragraph 131 of the Complaint.

132.   Defendants deny the allegations in paragraph 132 of the Complaint.

133.   Defendants deny the allegations in paragraph 133 of the Complaint.

134.   Defendants deny the allegations in paragraph 134 of the Complaint.

135.   Defendants admit that Plaintiff brings this action purportedly pursuant to Business & Professions Code Section 17535 for the reason stated therein, but Defendants deny that this matter is amenable for class treatment.  Defendants deny the remaining allegations in paragraph 135 of the Complaint.

136.   Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 135 above, as though fully set forth herein.

137.   Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny that this case is amenable to class treatment.

138.   The allegations of paragraph 138 state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

139.   The allegations of paragraph 139 state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

140.   The allegations of paragraph 140 state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

141.   Defendants deny the allegations in paragraph 141 of the Complaint.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT     - 17 -     CASE NO. 2:14-cv-00160-MCE-AC
LA01/30369814.1

142.     Defendants deny the allegations in paragraph 142 of the Complaint.

143.     Defendants deny the allegations in paragraph 143 of the Complaint.

144.     Defendants incorporate by reference all of their responses set forth in paragraphs 1 through 143 of the Complaint, as though fully set forth herein.

145.     Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny that this case is amenable to class treatment.

146.     The allegations of paragraph 146 state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

147.     Defendants deny the allegations in paragraph 147 of the Complaint.

148.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint and therefore deny them.

149.     Defendants deny the allegations in paragraph 149 of the Complaint.

150.     Defendants deny the allegations in paragraph 150 of the Complaint.

151.     Defendants deny the allegations in paragraph 151 of the Complaint.

152.     Defendants incorporate by reference all of their responses set forth in paragraph 1 through 151 above, as though fully set forth herein.

153.     Defendants admit that Plaintiff purports to bring this claim individually and on behalf of members of a class, but deny that this case is amenable to class treatment.

154.     The allegations of paragraph 154 state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny them.

155.     Defendants deny the allegations in paragraph 155 of the Complaint.

156.     Defendants deny the allegations in paragraph 156 of the Complaint.

157.     Defendants deny the allegations in paragraph 157 of the Complaint.

158.     Defendants deny the allegations in paragraph 158 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed preparation for trial.  The affirmative

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 18 -          CASE NO. 2:14-cv-00160-MCE-AC
LA01/30369814.1

1   defenses asserted herein are based on Defendants' knowledge, information, and belief at this

2   time, and Defendants specifically reserve the right to modify, amend, or supplement any

3   affirmative defenses contained herein at any time.  Defendants reserve the right to assert

4   additional defenses as information is gathered through discovery and investigation.  In asserting

5   these defenses, Defendants do not allege or admit that they have the burden of proof and/or

6   persuasion with respect to any of these matters, and do not assume the burden of proof and/or

7   persuasion with respect to any matter as to which Plaintiff and the putative class members

8   (collectively "Plaintiffs") have the burden of proof or persuasion.

9        Subject to the preceding qualifications, Defendants allege the following separate

10  affirmative defenses to the Complaint.

11                **FIRST AFFIRMATIVE DEFENSE**

12                  **(Failure to State a Claim)**

13       Plaintiff's Complaint fails to state facts sufficient to constitute any claim

14  against Defendants.

15                **SECOND AFFIRMATIVE DEFENSE**

16                  **(Statute of Limitations)**

17       Plaintiff's claims, and each of them, are barred by the applicable statutes of limitations,

18  including but not limited to similar statutes of limitations and statutes of repose under the laws of

19  other states applicable to the claims alleged.

20                **THIRD AFFIRMATIVE DEFENSE**

21                        **(Laches)**

22       Plaintiff's Complaint and each and every Cause of Action therein, is barred in whole or in

23  part by the doctrine of laches.

24                **FOURTH AFFIRMATIVE DEFENSE**

25                        **(Estoppel)**

26       Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

27  / / /

28  / / /

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 19 -          CASE NO. 2:14-cv-00160-MCE-AC
LA01/30369814.1

1

### FIFTH AFFIRMATIVE DEFENSE

2

### (Waiver)

3    Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in

4    part, because Plaintiffs have waived any right, by reason of their conduct and actions, to assert the

5    causes of action alleged in the Complaint.

6

### SIXTH AFFIRMATIVE DEFENSE

7

### (Lack of Standing)

8    Plaintiff's claims are barred, in whole or in part, because she lacks standing to assert them

9    or to recover on behalf of the general public or others.

10

### SEVENTH AFFIRMATIVE DEFENSE

11

### (Preemption)

12    Plaintiff's claims are barred, in whole or in part, because state law claims as alleged in the

13    Complaint are preempted in their entirety by federal law.

14

### EIGHTH AFFIRMATIVE DEFENSE

15

### (Abstention)

16    The Complaint is precluded by the Doctrine of Abstention.

17

### NINTH AFFIRMATIVE DEFENSE

18

### (Primary Jurisdiction)

19    The Complaint is precluded based on the Doctrine of Primary Jurisdiction.

20

### TENTH AFFIRMATIVE DEFENSE

21

### (Class Certification)

22    Plaintiffs fail, in whole or in part, to meet the requirements for class certification.

23

### ELEVENTH AFFIRMATIVE DEFENSE

24

### (Compliance with Laws)

25    At all times applicable, Defendants complied with all applicable laws, industry standards,

26    and regulations.

27    / / /

28    / / /

Drinker Biddle &
Reath LLP
Attorneys At Law
San Francisco

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1                                    - 20 -                    Case No. 2:14-cv-00160-MCE-AC

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(Regulatory Compliance)**

3      Plaintiff's claims are barred because Defendants complied with applicable statutes and

4 with the requirements and regulations of the Food and Drug Administration and all applicable

5 rules, regulations and guidelines for homeopathic remedies.  See, e.g., U.S. Const. art. VI, cl. 2.

6

**THIRTEENTH AFFIRMATIVE DEFENSE**

7

**(No Private Cause of Action)**

8      Plaintiff's Complaint fails to state a claim against Defendants because there is no private

9 right of action under the Federal Food, Drug and Cosmetic Act, as amended.

10

**FOURTEENTH AFFIRMATIVE DEFENSE**

11

**(No Private Cause of Action on "Fraud Against FDA")**

12     To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made

13 to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*,

14 531 U.S. 341 (2001).

15

**FIFTEENTH AFFIRMATIVE DEFENSE**

16

**(First Amendment: Freedom of Speech)**

17     Plaintiff's claims are barred in whole or in part because the commercial speech of

18 Defendants relating to Zicam is not false or misleading and is protected under the First

19 Amendment of the United States Constitution, and comparable provisions in state constitutions.

20

**SIXTEENTH AFFIRMATIVE DEFENSE**

21

**(Restitution Unconstitutional)**

22     Plaintiff's claims are barred, in whole or in part, because any award of restitution (a)

23 would violate the Excessive Fines Clauses of the Eighth Amendment (as incorporated by the Due

24 Process Clause of the Fourteenth Amendment) to the United States Constitution and of

25 comparable provisions in state constitutions; (b) would violate the Due Process Clause of the

26 Fourteenth Amendment to the United States Constitution, and comparable state constitutional

27 provisions, because the standards of liability under these statutes are unduly vague and subjective,

28 and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 21 -
LA01/30369814.1

CASE NO. 2:14-CV-00160-MCE-AC

1  governmental interest; and, (c) would constitute a taking of property without just compensation in

2  violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as

3  incorporated by the Due Process Clause of the Fourteenth Amendment to the United States

4  Constitution), and of comparable state constitutional provisions.

5  **SEVENTEENTH AFFIRMATIVE DEFENSE**

6  **(Adequate Remedy at Law)**

7  Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in

8  part, because the Complaint fails to state a sufficient basis for the Court to grant any equitable

9  relief as an adequate remedy exists at law.

10  **EIGHTEENTH AFFIRMATIVE DEFENSE**

11  **(No Basis for Injunctive Relief)**

12  Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in

13  part, because Plaintiffs fails to state a sufficient basis for injunctive relief, in that there is no

14  reasonable likelihood that Plaintiffs will succeed on the merits of their claims, and there is no

15  threat of immediate or irreparable harm and no basis for injunctive relief under state and/or

16  federal law.

17  **NINETEENTH AFFIRMATIVE DEFENSE**

18  **(Failure to Mitigate)**

19  If Plaintiffs sustained damages as alleged in the Complaint, which is denied, Plaintiffs

20  failed to mitigate their damages.

21  **TWENTIETH AFFIRMATIVE DEFENSE**

22  **(Failure to Properly Plead Punitive Damages)**

23  Plaintiff's Complaint fails to state facts sufficient to support an award of punitive damages

24  against Defendants.

25  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

26  **(Constitutional Defects with Punitive, Enhanced and/or Exemplary Damages)**

27  Plaintiff's claims are barred, in whole or in part, because any award of punitive, enhanced

28  and/or exemplary damages in this case (a) would violate the Due Process Clauses of the Fifth and

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 22 -                    CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

1   Fourteenth Amendments to the United States Constitution, and comparable state constitutional

2   provisions, and would constitute an excessive fine under the Excessive Fines Clauses of the

3   Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to

4   the United States Constitution; (b) would violate the Fourth, Fifth and Sixth Amendments and the

5   Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution;

6   and (c) would violate the Contracts Clauses of the Unites States Constitution and comparable

7   clauses in various state constitutions.

8                    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

9                              **(Punitive Damages)**

10          With respect to Plaintiff's demand for punitive damages, Defendants specifically

11   incorporate by reference all standards and/or limitations regarding the determination and

12   enforceability of punitive damage awards which arise in the decisions of *BMW of North America*

13   *v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S.

14   424 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 2003 WL 1791206 (U.S. 2003).

15                    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16         **(Failure to Provide Notice of Alleged Breach of Warranty)**

17          Plaintiffs failed to give notice of any alleged breach of any warranty within a reasonable

18   time after Plaintiffs discovered or should have discovered any such alleged breach of warranty

19   and are, therefore, barred from any recovery for such claims.

20                    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21                    **(No Warranties and Lack of Privity)**

22          There were no warranties, either express or implied, between Plaintiffs and Defendants

23   and/or Plaintiffs are barred from asserting causes of action arising from any such alleged

24   warranties because Plaintiffs are not in privity with Defendants.

25                    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

26                         **(Disclaimer of Warranties)**

27          Defendants state that any and all alleged warranties that may form a basis for Plaintiff's

28   claims for relief against Defendants were adequately disclaimed or excluded by Defendants.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT          - 23 -          CASE NO. 2:14-CV-00160-MCE-AC
LA01/30369814.1

1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

2

### (Collateral Estoppel/Issue Preclusion)

3   Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in

4   part, by the doctrine(s) of collateral estoppel and issue preclusion.

5

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6

### (Joinder of Parties)

7   Plaintiffs have failed to join all necessary and appropriate parties.

8

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9

### (Accord and Satisfaction)

10   Plaintiff's claims are barred, in whole or in part, because they have received and accepted

11   full satisfaction of their claims, if any.

12

## TWENTY-NINTH AFFIRMATIVE DEFENSE

13

### (Contributory Negligence/Comparative Negligence)

14   The injuries and damages claimed by Plaintiffs resulted from their own conduct so that

15   Plaintiff's claims are barred, in whole or in part, by the comparative negligence, fault, or

16   responsibility of causation attributed to Plaintiffs.  Thus, Plaintiff's claims should be dismissed,

17   reduced, offset, or barred in accordance with the principles of contributory negligence and/or

18   comparative negligence.

19

## THIRTIETH AFFIRMATIVE DEFENSE

20

### (Third Party Fault)

21   The injuries and damages claimed by Plaintiffs were caused, in whole or in part, by the

22   acts or omissions of persons other than Defendants over whom Defendants had no control.

23   Therefore, any recovery by Plaintiffs should be apportioned in direct proportion to such fault in

24   accordance with applicable law.

25

## THIRTY-FIRST AFFIRMATIVE DEFENSE

26

### (*Res Judicata*)

27   Plaintiff's Complaint and the causes of action therein are barred, in whiole or part, by the

28   doctrine of *res judicata*.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1                    - 24 -                    CASE NO. 2:14-cv-00160-MCE-AC

1

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

2

**(Conduct Not Unfair)**

3      Plaintiff's claims that Defendants' conduct is "unfair" are barred, in whole or in part,

4 because the alleged "unfairness" of Defendants' conduct is outweighed by the utility of

5 that conduct.

6

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

7

**(Customer Satisfaction)**

8      Plaintiff's claims that Defendants' conduct is deceptive or fraudulent pursuant to any state

9 or federal statute or principle of common law, are barred, in whole or in part, because

10 Defendants' customers are satisfied with Defendants' products and services.

11

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

12

**(No Restitution or Disgorgement)**

13      Plaintiff's claims are barred, in whole or in part, because they are not entitled to restitution

14 or disgorgement of profits under California *Bus. & Prof. Code* Sections 17200, *et seq.,* or under

15 any comparable or equivalent law or principle of common law of any other state or

16 federal jurisprudence.

17

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

18

**(No Restitution or Disgorgement for General Public)**

19      Plaintiff's Complaint and the causes of action alleged therein are barred, in whole or in

20 part, because, to the extent Plaintiffs purports to seek restitution or disgorgement of profits for the

21 benefit of the general public under California *Bus. & Prof. Code* Sections 17200, *et seq.,* or under

22 any comparable or equivalent law or principle of common law of any other state or federal

23 jurisprudence, such relief is barred under law.

24

25

**PRAYER FOR RELIEF**

26      WHEREFORE, Defendants pray that:

27      (1)    Plaintiffs take nothing by reason of Plaintiff's Complaint;

28      (2)    Plaintiff's Complaint against Defendants is dismissed with prejudice in its entirety;

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT
LA01/30369814.1

- 25 -

CASE NO. 2:14-cv-00160-MCE-AC

1    (3)    Defendants recover costs; and

2    (4)    This Court awards such other and further relief as this Court deems just

3   and proper.

4

5                        **DEMAND FOR JURY TRIAL**

6   Defendants demand a jury trial by the maximum number of jurors allowed by law.

7

8   Dated: March 18, 2014                    DRINKER BIDDLE & REATH LLP

9

10                                           By: */s/ William A. Hanssen*
                                                 Alan J. Lazarus
11                                               William A. Hanssen
                                                 Sally F. White
12
                                             Attorneys for Defendants
13                                           ZICAM LLC and MATRIXX INITIATIVES,
                                             INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS MATRIXX INITIATIVES, INC.'S AND
ZICAM LLC'S ANSWER TO CLASS ACTION COMPLAINT     - 26 -     CASE NO. 2:14-cv-00160-MCE-AC
LA01/30369814.1