**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Julia A. Luster (State Bar No. 295031)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          jluster@bursor.com

*Counsel for Plaintiff*

**DRINKER BIDDLE & REATH LLP**
Alan J. Lazarus (State Bar No. 129767)
William A. Hanssen (State Bar No. 110613)
Sally F. White (State Bar No. 273765)
50 Fremont Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
E-Mail:  alan.lazarus@dbr.com
         william.hanssen@dbr.com
         sally.white@dbr.com

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YESENIA MELGAR, on Behalf of Herself and all Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br>ZICAM LLC and MATRIXX INITIATIVES, INC.<br><br>　　　　　　　Defendants. | Case No.  2:14-cv-00160-MCE-AC<br><br>**JOINT STATUS REPORT** |

1       Pursuant to this Court's Order Requiring Joint Status Report, Dkt. No. 3, and Fed. R. Civ. P. 26(f) the Plaintiff Yesenia Melgar ("Plaintiff"), and Defendants Zicam LLC and Matrixx Initiatives, Inc. ("Defendants") submit this joint status report.

**(a) Brief Summary of the Claims**

<u>Plaintiff's Statement:</u>

      Plaintiff Yesenia Melgar brings this class action against Zicam LLC and Matrixx Initiatives, Inc. (collectively "Defendants") for falsely representing that the over-the-counter ("OTC") homeopathic remedy Zicam, "The Pre-Cold Medicine," prevents, shortens, and reduces the severity of the symptoms of the common cold.  The Pre-Cold Medicine includes Zicam Pre-Cold RapidMelts Original, Zicam Pre-Cold RapidMelts Ultra, Zicam Pre-Cold Oral Mist, Zicam Pre-Cold Ultra Crystals, Zicam Pre-Cold Lozenges, Zicam Pre-Cold Lozenges Ultra, and Zicam Pre-Cold Chewables ("Pre-Cold Medicine," "Pre-Cold Products," or "Products").  First Amended Complaint, ¶ 1.

      Plaintiff alleges that Defendants falsely represent on Pre-Cold Medicine product labels and in their nationwide advertising campaign that Zicam is "clinically proven to shorten cold," "reduces duration and severity of the common cold," and "reduces severity of cold symptoms ▪ sore throat ▪ stuffy nose ▪ sneezing ▪ coughing ▪ nasal congestion." *Id.* at ¶ 2.  According to the sales pitch: "That first sniffle, sneeze or throat tickle…you have a Pre-Cold™, the first sign a full blown cold is coming.  Take Zicam® now – clinically proven to shorten a cold.  GO FROM PRE-COLD™ TO NO COLD FASTER™." *Id.* Plaintiff further alleges that Defendants' "Cold Monster" commercial explicitly portrays a consumer *preventing* her cold by taking a Zicam Pre-Cold Product.  *See id.* at ¶¶ 24-40.

      Defendants' labeling representations, commercial and advertising campaign are false and misleading.  Zicam Pre-Cold Products have only highly diluted concentrations of the Products' so-called "active ingredients" and are nothing more than placebos.  *Id*. at ¶ 2.  The dilution of the ingredients, zincum aceticum and zincum gluconicum, in Defendants' Pre-Cold Medicine renders those ingredients completely inactive.  *Id.* at ¶ 3.  Since the ingredients in the Pre-Cold Products

have no pharmacological effect, the Products do not prevent the common cold, are not "clinically shown to shorten cold," do not "reduce[] duration of the common cold," and do not "reduce[] severity of cold symptoms ▪ sore throat ▪ stuffy nose ▪ sneezing ▪ coughing ▪ nasal congestion." *Id.* In fact, the study that Defendants rely on in support of their claim that Zicam Pre-Cold Products are clinically proven to shorten a cold and reduce the severity of common cold symptoms demonstrates that the highly diluted zinc acetate and zinc gluconate in the Products have *no effect* on the duration of a cold or on the severity of cold symptoms. *See id.* ¶¶ 55- 59.

As a direct and proximate result of Defendants' false and misleading advertising claims and marketing practices, Plaintiff and the members of the proposed nationwide and California classes, purchased Defendants' ineffective Products. *Id.* at ¶ 4. Plaintiff and the members of the classes purchased the Pre-Cold Products because they were deceived into believing that the Products prevent, shorten, and reduce the severity of the common cold. *Id.* As a result, Plaintiff and members of the classes purchased Zicam Pre-Cold Products that were not effective and have suffered injury in fact and ascertainable and out-of-pocket losses. *Id.* Specifically, Plaintiff seeks relief in this action individually and on behalf of all purchasers of Zicam Pre-Cold Products for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, for breach of express and implied warranties, as well as for violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*, and California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq. See, e.g.*, *id.* at ¶ 5.

**Defendants' Statement**

Defendants deny Plaintiff's allegations and claims. Defendants' advertising claims regarding the Products are not false or misleading and there is a body of reliable scientific evidence substantiating that oral zinc cold remedies and the Products are effective in reducing the duration and severity of the common cold. Defendants deny that the products are not efficacious and that Defendants make any claim that the Products will prevent a cold. The commercial Plaintiff references conveys a message that the Products are effective in shortening a cold and that the

Products should be taken after the onset of cold symptoms; and not that the Products will prevent a cold or should be used for that purpose. The Products are in compliance with FDA regulations regarding the sale of homeopathic drugs.

Further, Defendants deny that Plaintiff's claims are appropriate for class certification because the individual questions regarding each putative class member's experience and basis for purchasing the product are different which makes class certification inappropriate in this case. Additionally, Plaintiff may not certify a nationwide class under *Mazza v. American Honda*, 666 F.3d 581 (9th Cir. 2012).

**(b) Status of Service**

Service was completed on January 27, 2014.

**(c) Possible Joinder of Additional Parties**

No joinder of additional parties is anticipated.

**(d) Contemplated Amendments to the Pleadings**

To avoid motion practice, Plaintiff filed the operative First Amended Class Action Complaint on February 21, 2014. Dkt. No. 10. No further amendments to the pleadings are anticipated. Defendants filed an Answer to the First Amended Class Action Complaint on March 18, 2014. Dkt. No. 11.

**(e) Statutory Basis for Jurisdiction and Venue**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class Member is a citizen of a state different from at least one Defendant.

Plaintiff claims that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants do business throughout this district, and a substantial part of the events giving rise to the claims took place within this judicial district.

**(f)  Anticipated Discovery and Exchange of Information**

    **1.  Rule 26(a)(1) Disclosures**

The parties have not yet made initial disclosures. The parties will exchange their initial disclosures by April 16, 2014.

    **2.  The Subjects on which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases**

The parties jointly propose the following discovery dates:

| | |
|---|---|
| Deadline for Non-Expert Discovery | February 2, 2015 |
| Plaintiff's Class Certification Expert Disclosure | February 13, 2015 |
| Defendants' Class Certification Expert Disclosure | March 27, 2015 |
| Deadline for Expert Discovery | August 14, 2015 |

As set forth below, Plaintiff and Defendants make separate proposals as to the manner in which the parties should disclose expert reports on the merits.

**Plaintiff's Statement**

Plaintiff intends to seek discovery regarding, among other things: (i) the number of units of the Products sold during the class period; (ii) the amount of revenue derived by Defendants from the sale of the Products; (iii) the content of Defendants' advertisements, marketing materials, and other public statements concerning the Products; (iv) exemplars of the Products' packaging throughout the class period; (v) studies, trials, or any purported basis for Defendants' statements regarding the efficacy of the Products; (vi) Defendants' method of developing the Products; (vii) individuals consulted regarding the development of the Products; (viii) customer complaints regarding the Products; (ix) the identities and number of people who have purchased the Products;

(x) Defendants' refund policies and practices; and (xi) experts and evidence on which Defendants rely.

Plaintiff proposes the following schedule for expert witness disclosures:

| | |
|---|---|
| Opening Expert Witness Disclosure | May 15, 2015 |
| Rebuttal Expert Witness Disclosure | June 15, 2015 |

Other than as noted in the proposed schedules above, Plaintiff does not request or see any reason to phase discovery at this time.

**Defendants' Statement**

Defendants intend to seek discovery regarding (I) the facts and circumstances relating to Plaintiff's alleged purchase and use of Zicam RapidMelts® and other cold products; (ii) the depositions of witnesses identified in discovery, putative class members and witnesses and experts whose declarations are submitted in support of the Plaintiff's motion for class certification; (iii) the facts and bases for Plaintiff's claims regarding the efficacy of the Product; (iv) the factual bases for Plaintiff's claims regarding the content of advertising for the Products and; (v) the evidence on which Plaintiff relies to prove the class certification.

Defendants propose the following schedule for expert witness disclosures:

| | |
|---|---|
| Plaintiff Expert Witness Disclosure | May 15, 2015 |
| Defense Expert Witness Disclosure | June 15, 2015 |

Other than the expert witness disclosures and depositions on class certification issues as described above, Defendants do not request to phase discovery at this time.

3. **What Changes, if Any, Should Be Made in the Limitations on Discovery under the Civil Rules and What Other Limitations, if Any, Should Be Imposed**

The parties do not foresee the need for changes to the Federal and Local Rules regarding discovery.

4. **Whether the Parties Anticipate Discovery of Electronically Stored Information ("ESI")**

   i. **Whether the Parties Have Exchanged or Will Exchange Information Regarding the Parties' Relevant Electronic Systems and Custodians of Relevant Electronic Materials**

The parties have agreed to meet and confer regarding the exchange of ESI and to develop an agreed protocol for the exchange.

   ii. **The Format, Media and Procedures Agreed to by the Parties for the Production of ESI**

The parties agree to meet and confer regarding an appropriate protocol for the production of ESI.

   iii. **Whether the Parties Anticipate Discovery of ESI from Sources That Are Not "Reasonably Accessible" within the Meaning of Rule 26(b)(2)(B), the burdens and costs of retrieving such ESI, and Any Conditions That Should Be Placed on Its Production**

The parties do not anticipate any discovery of ESI from sources that are not "reasonably accessible" within the meaning of Rule 26(b)(2)(B).

   iv. **Any Other Problems Reasonably Anticipated to Arise in Connection with ESI Discovery**

The parties do not anticipate any other problems in connection with ESI discovery and will meet and confer if any such problems arise in the future.

5. **The Timing of the Disclosure of Expert Witnesses and Information Required by Rule 26(a)(2)**

The parties propose February 13, 2015 as the deadline for Plaintiff's disclosure of expert witness reports on class certification issues and March 27, 2015 as the deadline for Defendants' disclosure of expert witness reports on class certification issues.

**Plaintiff's Statement**

Plaintiff proposes May 15, 2015 as the deadline for opening expert witness disclosures and June 15, 2015 as the deadline for the rebuttal expert witness disclosures on the merits.

**Defendants' Statement**

Defendants propose May 15, 2015 as the deadline for Plaintiff's disclosures of expert witness reports on the merits and June 15, 2015 for Defendants' disclosure of expert reports on the merits.

### 6. Proposed Dates for Discovery Cut-off

The parties propose August 14, 2015 as the cut-off for all expert discovery and February 2, 2015 as the deadline for non-expert discovery.

**(g) Proposed Date by Which All Non-discovery Motions Shall Be Filed**

The parties propose that all non-discovery motions should be filed by September 15, 2015. The parties propose the following briefing schedule on Plaintiff's motion for class certification, consistent with the expert witness disclosures:

| Plaintiff's Opening Brief | February 20, 2015 |
|---|---|
| Defendants' Opposition | April 3, 2015 |
| Plaintiff's Reply | May 1, 2015 |

**(h) Proposed Dates for Final Pretrial Conference and Trial**

The parties propose that the Court hold a pre-trial conference on October 19, 2015 and that the trial begin on November 2, 2015.

**(i) Estimate Days of Trial, and Whether Any Party Has Demanded a Jury**

Both Plaintiff and Defendants have demanded a jury. Though it is difficult to estimate the length of trial at this early juncture, the parties estimate that the trial will require approximately 15 court days.

**(j) Appropriateness of Special Procedures Such As Reference to a Special Master or Agreement to Try the Matter Before A Magistrate Judge**

The parties do not anticipate the necessity of any special procedures.

**(k) Proposed Modification of Standard Pretrial Procedures Due to the Special Nature of the Case**

The parties do not propose any modification of standard pretrial procedures.

**(l) Whether the Case is Related to Any Other Case**

Currently, there are no other cases related to this case.

**(m) Prospects for Settlement, Including Whether a Settlement Conference Should Be Scheduled**

The parties would be amenable to discussing (with an independent judge) resolution of this matter, and to scheduling a settlement conference.

**(n) Any Other Matters That May Be Conducive to the Just and Expeditious Disposition of the Case, Including Whether Counsel Will Waive Any Disqualification and Stipulate to the Trial Judge Acting As a Settlement Judge**

The parties are not aware of any other matters that require the Court's attention at this stage of the case.

Dated:  March 28, 2014                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:      */s/ Annick Persinger*
              Annick M. Persinger

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Julia A. Luster (State Bar No. 295031)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:  ltfisher@bursor.com
            apersinger@bursor.com
            jluster@bursor.com

*Counsel for Plaintiff*

1                                         **DRINKER BIDDLE & REATH LLP**

2

3                          By:      */s/ William A. Hanssen*
                                     Willaim A. Hanssen

4

5                     Alan J. Lazarus (State Bar No. 129767)
                    William A. Hanssen (State Bar No. 110613)

6                     Sally F. White (State Bar No. 273765)
                    50 Fremont Street, 20th Floor

7                     San Francisco, CA 94105
                    Telephone: (415) 591-7500

8                     Facsimile: (415) 591-7510
                    E-Mail:  alan.lazarus@dbr.com

9                               william.hanssen@dbr.com
                              sally.white@dbr.com

10                  *Counsel for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28