1
2
3
4
5
6
7

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Julia A. Luster (State Bar No. 295031)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          jluster@bursor.com

*Counsel for Plaintiff*

8
9
10
11
12
13
14

**DRINKER BIDDLE & REATH LLP**
Alan J. Lazarus (State Bar No. 129767)
William A. Hanssen (State Bar No. 110613)
Sally F. White (State Bar No. 273765)
50 Fremont Street, 20th Floor
San Francisco, CA 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
E-Mail:   alan.lazarus@dbr.com
          william.hanssen@dbr.com
          sally.white@dbr.com

*Counsel for Defendants*

15
16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

17
18
19
20
21
22

| | |
|---|---|
| YESENIA MELGAR, on Behalf of Herself and all Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>ZICAM LLC and MATRIXX INITIATIVES, INC.<br><br>                              Defendants. | Case No.  2:14-cv-00160-MCE-AC<br><br>**STIPULATED PROTECTIVE ORDER** |

23
24
25
26
27
28

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

This Protective Order shall apply to Plaintiff Yesenia Melgar, Defendants Zicam LLC and Matrixx Initiatives, Inc. and any future plaintiffs or defendants in the action who agree to be bound by this Protective Order.  Pursuant to stipulation of the parties, the terms of this Protective Order shall govern the handling of any information, document or thing, or portion of any document or thing, that is non-public, confidential, private, proprietary, trade secret or otherwise protected by the attorney/client privilege, and/or any other privilege and exchanged by any party or third party in this action after the issuance of this Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.      Definitions.

(a)      "Parties" shall mean Plaintiff Yesenia Melgar ("Plaintiff") and Defendants Zicam LLC and Matrixx Initiatives, Inc. ("Defendants"), including the officers, directors, and principals acting on behalf of corporate Parties.  "Party" shall mean any individually named Plaintiff or Defendant, including the officers, directors, and principals acting on behalf of a corporate Party.

(b)      Discovery Material shall mean all documents, things, written or oral testimony, or other information that are produced or generated in disclosures or responses to

written or deposition discovery in this litigation.  Discovery Material includes any material and

including, but not limited to, all copies, excerpts or summaries thereof, produced, filed, or served

by any Party or other person during discovery in this litigation and any information included in

any such material.  Discovery Material may include, but is not limited to, deposition testimony

and transcripts, answers to interrogatories, documents and tangible things produced by a Party or

other person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and

responses to requests for admission.

(c)     "Confidential" Discovery Material shall mean Discovery Material that the

Designating Party believes in good faith contains confidential research, development, or

commercial information, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil

Procedure, or personal information not generally disclosed to the public by such Designating Party

(collectively, such information shall be referred to as "Confidential information").

(d)     Receiving Party shall mean a Party that receives Discovery Material from a

Producing Party in this Action.

(e)     Producing Party shall mean a Party or other person that produces Discovery

Material in this Action.

(f)     Designating Party shall mean a Party or other person that designates

Discovery Material as "Confidential."

2.     Designating Discovery Material as "Confidential".  Any Party may designate

Discovery Material as Confidential, and such material shall be treated in accordance with the

provisions of this Protective Order, provided that the materials are prepared in such a manner that

they are prominently marked "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO

PROTECTIVE ORDER" on each page of the document.  If Discovery Material entitled to

protection is included in written answers to discovery requests of any kind, the portions of such

answers or responses that contain the Confidential Discovery Material shall be marked

Confidential.  To the extent a Party wishes or is required to file Confidential Discovery Material

with the Court, the Party shall electronically file a redacted copy omitting the Confidential

1 | information and shall also serve an unredacted copy of the document on counsel of record.  Local
2 | Rule 141 shall govern the filing of documents under seal in this Action.

3 |    3.  The designation of Discovery Material as "Confidential" constitutes a
4 | representation by the Designating Party and such Party's counsel that such document, material or
5 | information has been reviewed and that the Designating Party and its counsel have a good faith
6 | basis for asserting that such material contains Confidential information.

7 |    4.  <u>Designating Confidential Discovery Material in Depositions</u>.  Parties and
8 | deponents may, within thirty (30) days after receiving a transcript of a deposition, designate pages
9 | of the transcript (and exhibits thereto) as "Confidential" to the extent the Party or deponent
10 | believes the pages contains Confidential information entitled to protection as defined in paragraph
11 | 1 above.  Confidential information contained within a deposition transcript may be designated as
12 | Confidential Discovery Material only by sending a letter indicating the page and line numbers of
13 | the deposition transcription that the Party or deponent designates as "Confidential" to counsel for
14 | the party taking the deposition and the court reporter.  Until the expiration of the 30-day period
15 | during which such designations may be made, the entire deposition transcript and all exhibits will
16 | be treated as subject to protection as Confidential Discovery Material under this Protective Order
17 | unless otherwise agreed by the parties in writing.  If a designation is made, the designated portions
18 | of the transcript and any exhibits designated as Confidential Discovery Material, if filed with the
19 | Court, shall be subject to the filing requirements set forth in paragraph 2 above.  If any depositions
20 | are videotaped or digitally recorded, those portions of the videotape or recording corresponding to
21 | portions of the deposition transcript designated as "Confidential" shall be afforded the same status.

22 |    5.  <u>Use and Disclosure of Confidential Discovery Material</u>.
23 |     (a)  Unless otherwise ordered by a court, administrative agency, or similar
24 | governmental or regulatory body of competent jurisdiction, Discovery Material designated as
25 | Confidential may be used only in connection with the prosecution or defense of claims in, or the
26 | settlement of, this litigation.

27
28

(b)     All persons receiving or given access to Confidential Discovery Material in accordance with the terms of this Protective Order consent to the continuing jurisdiction of the Court for the purposes of enforcing this Protective Order and remedying any violations thereof.

(c)     <u>Limitations on Disclosure of Confidential Discovery Material</u>: Confidential Discovery Material may be disclosed only:

(1)     to Parties in this litigation;

(2)     to Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this litigation;

(3)     to Parties' external counsel who have entered an appearance in this litigation, and their respective legal, investigative, technical, administrative and other support staff, engaged in the conduct of this litigation on behalf of named Parties;

(4)     to this Court, or any other Court exercising jurisdiction with respect to this litigation, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(5)     to any person designated by the Court upon such terms as the Court may deem proper;

(6)     to any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this litigation;

(7)     to agents, employees, or other representatives of the Parties or their counsel in connection with this litigation;

(8)     to outside consultants, investigators or experts utilized for the purpose of assisting counsel or testifying in this litigation, but only to the extent necessary to perform their work in connection with this litigation

(i)     If plaintiff or her counsel wish to disclose Confidential Discovery Material to an expert, advisor, or consultant who is currently an employee, officer,

1  director, contractor, subcontractor or consultant of any entity that is presently engaged in the

2  research, development, manufacture or sale of any product for the treatment of cold or cough

3  symptoms that does now or may in the future compete with Zicam, plaintiff or her counsel shall

4  promptly notify the disclosing party's counsel, including with such notification a copy of the

5  expert's curriculum vitae prior to disclosing any Confidential Discovery Material to that expert,

6  advisor or consultant.

7  Within five (5) business days of receiving such notification and curriculum vitae, the

8  disclosing party's counsel shall notify plaintiff's counsel whether the disclosing party objects to

9  the disclosure of Confidential Discovery Material to the proposed expert.  Any such objection

10  shall be made in good faith and on reasonable grounds.  If an objection is made and not resolved

11  by the parties, the party objecting to disclosure shall file a motion (or letter to the Court) in support

12  of that objection within seven (7) business days of the objection.

13  Under no circumstances shall Confidential Discovery Material be disclosed to an expert,

14  advisor, or consultant who is currently an employee, officer, director, contractor, subcontractor or

15  consultant of any entity that is presently engaged in the research, development, manufacture or

16  sale of any product for the treatment of cold or cough symptoms that does now or may in the

17  future compete with Zicam unless and until the parties resolve the matter, the objection is

18  withdrawn, the Court permits disclosure, or defendants fail to object to such disclosure or file a

19  motion in support of their objection within the time specified herein (or other schedule agreed

20  among the parties).

21  (ii)      Before any Confidential Discovery Material may be

22  disclosed or otherwise provided, directly or indirectly, to an Expert/Consultant such person must

23  execute and agree to the terms of the Endorsement of Agreed Protective Order attached hereto,

24  and shall:

25  a.      Maintain such Confidential Discovery Material in a

26  manner calculated to prevent its public disclosure;

27

28

STIPULATED PROTECTIVE ORDER                                                          6
CASE NO.  2:14-CV-00160-MCE-AC

1          b.       Return such Confidential Discovery Material to

2  counsel for the Party that retained such Expert/Consultant within sixty (60) days of the conclusion

3  of the Expert/Consultant's assignment or retention, but in no event shall the Expert/Consultant

4  retain documents beyond the period set out in paragraph 12 below;

5          c.       Not disclose such Confidential Material to anyone, or

6  use such Confidential Discovery Material, except as permitted by the Protective Order; and

7          d.       Submit to the jurisdiction of this Court for purposes

8  of enforcing the Protective Order.

9          (9)      to third-party contractors or vendors engaged in one or more aspects

10  of copying, organizing, filing, preparing trial graphics or demonstratives, coding, converting,

11  storing, or retrieving data or designing programs for handling data connected with this litigation,

12  including the performance of such duties in relation to a computerized litigation support system,

13  but only to the extent reasonably necessary to render such services, and provided that counsel shall

14  expressly caution such contractors that the disclosure and use of Confidential Discovery Material

15  except as provided in this Protective Order is prohibited and shall take reasonable precautions to

16  prevent the unauthorized disclosure or use of Confidential Discovery Material by such contractors;

17          (10)     to (a) the person or entity that produced or originally created the

18  Confidential Discovery Material; (b) any author, addressee or recipient of the Confidential

19  Discovery Material indicated on its face; or (c) any person or entity expressly mentioned,

20  discussed or referred to by actual name in the Confidential Discovery Material as indicated on its

21  face;

22          (11)     to a witness in this litigation not otherwise authorized to view the

23  Confidential Discovery Material in question, during that witness's testimony at a deposition,

24  hearing, or trial in this litigation, provided that (a) the parties first meet and confer prior to the

25  examiner showing the witness any Confidential Discovery Material (which meet and confer can

26  occur during a break in the deposition or examination); (b) the examiner of the witness has a good

27  faith belief that the witness is likely to have knowledge of the subject matter of the Confidential

28

1   information contained in the Confidential Discovery Material; and (c) the witness is shown a copy

2   of this Protective Order and is explicitly informed that this Protective Order forbids her or him to

3   disclose the Confidential information contained in the Confidential Discovery Material except as

4   permitted under this Protective Order, that she or he is subject to the Court's jurisdiction for the

5   purposes of enforcing this Protective Order, and that she or he is not permitted to possess or retain

6   copies of such Confidential Discovery Material, the witness has agreed to abide by the terms of

7   this Protective Order and the disclosure is made in good faith.  However, if the witness is currently

8   an employee, officer, director, contractor, subcontractor, or consultant of any entity that is

9   presently engaged in the research, development, manufacture, or sale of any product for the

10  treatment of cough, cold, or allergy symptoms that does now or may in the future compete with

11  Zicam, the party seeking the testimony must also first receive the written consent of the counsel

12  for the party disclosing the Confidential Discovery Material, or obtain an Order from the Court

13  permitting the disclosure to the witness;

14              (12)    to any other person agreed to in writing by the Designating Party,

15  which agreement shall not be unreasonably withheld.

16          (d)    Undertaking:  Before disclosure of any Confidential Discovery Material is

17  made to any Party or other person described in:

18              (i)     subparagraphs (6), (8), (9) and (10) of subparagraph 5(c); or

19              (ii)    subparagraph 5(c)(7), if such Party or other person is not employed

20                      by the Producing or Designating Party or is not otherwise authorized

21                      to view Confidential Discovery Material under the other provisions

22                      of subparagraph 5(c);

23  such Party or other person shall sign an undertaking substantially in the form of Exhibit A,

24  attached hereto, certifying:

25              (1)     that the signatory has read, understands, and will abide by the terms

26  of this Protective Order,

27

28

(2)      that the signatory will not disclose the Confidential Discovery Material, or the Confidential information contained therein, to any person not authorized by this Protective Order to receive disclosure, or use such Confidential Discovery Material or the Confidential information contained therein for any purpose other than the conduct of this litigation; and

(3)      that the signatory consents to the jurisdiction of the United States District Court for the Eastern District of California for any action to enforce the provisions of such undertaking.

The undertakings so obtained shall be deemed work product, and counsel for the Party who obtains them shall retain them during the course of this litigation.  In the event that any Party or other person listed in subparagraph 5(c) refuses to sign such undertaking, counsel seeking to disclose the Confidential Discovery Material may seek advance written permission from the Designating Party, or from the Court, to disclose such material to such person upon good cause shown for such disclosure.

(e)      Disclosure of Confidential Discovery Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

6.      <u>Challenging Designations of Confidential Discovery Material</u>.

(a)      <u>Challenge to Confidential designation</u>:  Any Party (the "Challenging Party") may challenge another Party's or person's designation of Discovery Material as Confidential.  The Challenging Party shall provide written notice to the Designating Party, identifying the Confidential Discovery Material whose designation it challenges and setting forth the basis for the challenge.  Within fourteen (14) days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.  Failing such agreement or stipulation, within fourteen (14) days after the meet and confer, the Designating Party may make, in the manner prescribed by the Federal Rules

1    of Civil Procedure and the Local Rules, a motion or other appropriate application to the Court to

2    maintain the Confidential designation.  The Designating Party's motion or application regarding

3    the challenged material shall identify with specificity the Confidential Discovery Material that is

4    the subject of the motion, but shall not disclose or reveal the contents of that material except in the

5    manner prescribed by paragraph 2 of this Protective Order.  If such a motion or application is

6    made, all Confidential Discovery Material so designated shall maintain Confidential status

7    pending a determination by the Court as to its appropriate status.  If the Designating Party fails to

8    make a timely motion or application for continuing Confidential treatment, the subject Discovery

9    Materials shall be deemed non-confidential.

10               (b)     The Designating Party retains the burden of establishing its designation of

11   Confidential Discovery Material.  Nothing in this paragraph shall limit the right of any Party to

12   petition the Court for an *in camera* review of the Discovery Material at issue.

13               (c)     All Discovery Material designated as confidential under this Order, whether

14   or not such designation is in dispute pursuant to subparagraph 6(a) above, shall retain that

15   designation and be treated as confidential in accordance with the terms hereof unless and until:

16                            (i)      The producing party agrees in writing that the material is no longer

17                                     confidential and subject to the terms of this Order; or

18                            (ii)     This Court enters an Order that the matter shall not be entitled to

19                                     confidential status and that Order is not subject to an appellate stay

20                                     within twenty (20) days after it is issued.

21               (d)     In the event that Discovery Material marked as confidential loses its

22   confidential status, that Discovery Material shall not be treated as confidential.  The producing

23   party shall re-produce the Discovery Material with a new bates number, and without a confidential

24   marking.

25               (e)     The parties shall negotiate in good faith before filing any motion relating to

26   this Order.

27

28

1          (f)     A person not a Party to this litigation may challenge a designation at any

2    time by way of the same procedure set forth in paragraph 6(a) above, but such person will have the

3    burden of persuading the Court to remove such designation or to permit disclosure to such person.

4          7.   <u>Inadvertent Failure to Designate</u>.

5          Except as provided in this paragraph, following a Party's production or

6    dissemination of Discovery Material, the inadvertent failure to designate particular Discovery

7    Material as "Confidential" at the time of production shall not operate to waive a Party's or

8    person's right to later designate such Discovery Material as Confidential, provided that, at the time

9    of making the later designation, the Designating Party provides to the Receiving Party a

10   replacement copy of the Discovery Material which replacement copy is properly marked

11   "Confidential" in accordance with paragraph 2 of this Protective Order.  No Party shall be deemed

12   to have violated this Protective Order if, prior to notification of any later designation, such

13   Discovery Material has been disclosed or used in a manner inconsistent with the later designation.

14   Once such a designation has been made, the relevant documents or materials shall be treated as

15   Confidential in accordance with this Protective Order; provided, however, that if the Discovery

16   Material that was inadvertently not designated is, at the time of the later designation, filed with a

17   court on the public record, the Party or other person that failed to make the designation shall move

18   for appropriate relief.  If an inadvertently omitted Confidential designation is first claimed on the

19   record during the course of a deposition, hearing, or other court proceeding, the subject Discovery

20   Material may be used throughout the deposition, hearing, or proceeding, but must be treated as

21   though a confidential designation had been made at the time of its initial disclosure or production.

22         8.   <u>Privileged and Work-Product Material</u>.

23         (a)     If, in connection with the pending litigation, information subject to a claim

24   of attorney-client privilege or other privilege or attorney work product protection is disclosed

25   ("Disclosed Protected Information"), the inadvertent disclosure of the Disclosed Protected

26   Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or

27

28

1    work product protection that a Party would otherwise be entitled to assert with respect to the

2    Disclosed Protected Information and its subject matter.

3              (b)    A Party may assert, in writing, the attorney-client privilege or work product

4    protection with respect to Disclosed Protected Information.  The Receiving Party shall

5    immediately sequester and protect against further disclosure the Disclosed Protected Information,

6    and, within five (5) business days of receipt of that writing, return or destroy all copies of the

7    Disclosed Protected Information and provide to the Party claiming privilege a certification of

8    counsel that all such Disclosed Protected Information has been sequestered and returned or

9    destroyed.

10             (c)    Within ten (10) business days of having received the certification that such

11   Disclosed Protected Information has been sequestered, protected against being further disclosed,

12   and then returned or destroyed, the Party claiming privilege shall produce a privilege log with

13   respect to the Disclosed Protected Information setting forth all of the information required under

14   Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure.

15             (d)    The Receiving Party may move the Court for an Order compelling

16   production of the Disclosed Protected Information (a "Privilege Motion").  The Privilege Motion

17   shall be filed under seal and shall not assert as a ground for entering such an Order the fact or

18   circumstances of the production.

19             (e)    The Party claiming privilege retains the burden of establishing the

20   privileged or protected nature of any Disclosed Protected Information.  Nothing in this paragraph

21   shall limit the right of any Party to petition the Court for an *in camera* review of the Disclosed

22   Protected Information. Documents that are produced that contain privileged information or

23   attorney work product shall be immediately returned if the documents appear privileged on their

24   face.  All copies shall be returned or destroyed by the Receiving Party.

25         9.    <u>Confidential Documents and Materials at Hearing or Trial</u>.  Disputes arising as to

26   the use of Confidential Discovery Material or Confidential information at trial or hearings will be

27   resolved by the Court prior to the disclosure of such materials or information.  In addition, no

28

fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this litigation, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment at trial of material previously designated "Confidential."  To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

        10.    <u>Further Requests for Production</u>.  If, at any time, any Confidential Discovery Material in the possession, custody or control of any person or Party other than the Designating Party that designated such Confidential documents or materials is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person or Party to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party and, before producing the Confidential Discovery Material pursuant to the subpoena or request, shall give the original Designating Party a reasonable time within which to seek a judicial order precluding such production.  This Protective Order is not intended to affect a Party's obligation to respond to such a subpoena or request within the time required by law as specified in the subpoena or request.

        11.    <u>Miscellaneous</u>.

        (a)    Nothing in this Order shall prevent or restrict counsel for any party in any way from inspecting, reviewing, using or disclosing any Discovery Material produced or provided by that party, including Discovery Material designated as confidential.

        (b)    Nothing shall prevent disclosure beyond that required under this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure and that Order is not subject to an appellate stay within twenty (20) days after it is issued.

        (c)    No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Order.

        (d)    Nothing herein shall be construed to prevent any party from using or continuing to use any information that is in the public domain or that subsequently becomes a part

of the public domain other than as a result of any act of such party or of disclosure in violation of this Protective Order.  Nothing herein shall be construed to prevent a party from using or continuing to use any documents or information known to it or used by it prior to the filing of this Protective Order or that has come or shall come into a party's possession independently of disclosure and/or discovery in this Case.

(e)     By this Protective Order, no Party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded Confidential treatment.  The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules.  For purposes of computing any period of time under this Protective Order, the provisions of Federal Rule Civil Procedure 6 and the Local Rules of the Court shall apply.  This Protective Order may be executed in counterparts.

(f)     This Protective Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any document.  The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

(g)     Any non-party may subscribe to the terms and protections of this Protective Order by designating Discovery Materials that the non-party is producing (whether written documents, deposition testimony, or other) as set forth in paragraph 2.

(h)     The entry of this Protective Order shall be without prejudice to the rights of the parties, or any one of them, or of any non-party to assert or apply for additional or different protection at their discretion.

(i)     All counsel of record in this litigation shall make a good faith effort to comply with the provisions of this Protective Order and to ensure that their clients do so.  In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Order.

12.     <u>Termination</u>.  The provisions of this Protective Order shall continue to be binding after final termination of this litigation.  Within ninety (90) days after final conclusion of all

aspects of this litigation, including any appeals, any Party or other person who received (or tendered to any other person) documents or materials designated for Confidential treatment (or any copy thereof) must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing such Confidential information.  Notwithstanding these provisions, counsel shall be permitted to retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials.

13.    <u>Modification Permitted</u>.  Nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order in the interest of justice.  The Court retains the right to allow disclosure of any Confidential Discovery Material covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

14.    <u>Additional Parties</u>.  The terms of this Protective Order shall be binding upon all current and future Parties to this litigation and their counsel.  Following entry of this Protective Order:

(a)    within ten (10) days of (1) the entry of an appearance by a new Plaintiff or absent class member that elects to appear or to intervene in this litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the Second Amended Complaint; Plaintiffs' Counsel shall serve a copy of this Protective Order on counsel for any such new Plaintiff or absent class member;

(b)    within ten (10) days of (1) the entry of an appearance by a new Defendant or third-party Defendant in this Litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the Complaint; Defendant's Counsel shall serve a copy of this Protective Order on counsel for any new Defendant or third-party Defendant.

1     15.    A party may challenge, pursuant to Paragraph 6 of this Protective Order any

2   designation of documents that (a) were, are or become public knowledge, not in violation of this

3   Order; or (b) were or are discovered independently by the Receiving Party.

4     16.    Application to Non-Parties and Absent Class Members.

5         (a)    Protection for Confidential Discovery Material Produced By Non Parties

6   And Absent Class Members:  Any non-party or absent class member producing Discovery

7   Material or giving deposition testimony in this litigation may avail herself, himself or itself of the

8   Confidential treatment provided for in this Protective Order for her, his or its testimony and

9   Discovery Material by following the procedures provided herein.  All counsel in this litigation

10  shall have the obligation to inform any non-party who expresses concern or makes inquiry that

11  pertains to issues addressed by this Protective Order of this Protective Order and, if requested, to

12  provide a copy of this Order to such person.  This Protective Order shall be binding upon such

13  non-parties or absent class members unless they object, in writing, to counsel for a Party or to the

14  Court, to its terms within ten (10) days of service upon them of this Protective Order.

15         (b)    Disclosure of Confidential Discovery Material to Absent Class Members:

16  Confidential Discovery Material may not be disclosed to absent class members who have not

17  intervened or otherwise appeared in this litigation, except under the circumstances described in

18  paragraph 5 of this Protective Order.  If, however, Confidential Discovery Material is contained in a

19  filing with the Court pursuant to paragraph 2 of this Protective Order, such filing may be disclosed to

20  counsel for the absent class member (or the absent class member if not represented), provided that

21  such counsel, if any, and the absent class member execute the undertaking provided for in

22  subparagraph 5(d) of this Protective Order.

23       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

24  Dated:  May 29, 2014                    Respectfully submitted,

25                                          **BURSOR & FISHER, P.A.**

26

27                                          By:_____*/s/ L. Timothy Fisher*_____
                                                      L. Timothy Fisher

28

1
2
3
4
5

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Julia A. Luster (State Bar No. 295031)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:  ltfisher@bursor.com
           apersinger@bursor.com
           jluster@bursor.com

6   *Counsel for Plaintiff*

7   **DRINKER BIDDLE & REATH LLP**

8

9   By:_____*/s/ William A. Hanssen*_____
                William A. Hanssen

10

11   Alan J. Lazarus (State Bar No. 129767)
     William A. Hanssen (State Bar No. 110613)
12   Sally F. White (State Bar No. 273765)
     50 Fremont Street, 20th Floor
13   San Francisco, CA 94105
     Telephone: (415) 591-7500
14   Facsimile: (415) 591-7510
     E-Mail:  alan.lazarus@dbr.com
15            william.hanssen@dbr.com
              sally.white@dbr.com

16   *Counsel for Defendants*

17

18

19

20

21

22

23

24

25

26

27

28

1   PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3   DATED: June 4, 2014

4   _____

5   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                                                    18
CASE NO.  2:14-CV-00160-MCE-AC

EXHIBIT A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Eastern District of California on _____ [date] in the case of *Melgar v.*

*Zicam LLC, et al.,* Case No.  2:14-cv-00160-MCE-AC.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise

that I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I also understand that my execution of this Stipulated Protective Order, indicating my agreement to

be bound by the Stipulated Protective Order is a prerequisite to my review of any information or

documents designated as confidential pursuant to the Stipulated Protective Order.

I further agree to be bound by and to comply with the terms of the Stipulated Protective

Order as soon as I sign this Agreement, whether or not the Stipulated Protective Order has yet been

entered as an Order of the Court.

I further agree and attest to my understanding that my obligation to honor the confidentiality

of such Discovery Material and information will continue even after this action concludes.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____