UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA MELGAR, | No. 2:14-cv-00160-MCE-AC |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| ZICAM, LLC, et al., | |
| Defendants. | |

This putative class action proceeds on Plaintiff Yesenia Melgar's ("Plaintiff") First Amended Complaint ("FAC"). Presently before the Court is Plaintiff's unopposed Motion to Appoint Interim Counsel (ECF No. 18). For the following reasons, that Motion is GRANTED.[1]

## ANALYSIS

By way of this action, Plaintiff alleges that Defendants' product Zicam, "The Pre-Cold Medicine," is an over-the-counter homeopathic remedy that Defendants falsely represent prevents, shortens, and reduces the severity of the common cold. FAC, § 1.

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

Despite Defendants' claims that, among other things, Zicam is "clinically proven to shorten colds" and "reduces duration and severity of the common cold," Plaintiff contends that the Zicam products contain only highly diluted concentration of the purported "active ingredients" and are really nothing more than placebos. Id. at ¶ 2. Plaintiff alleges she purchased a Zicam product, did not obtain the advertised relief, and she thus initiated this action on behalf of a nationwide class of Zicam users pursuing causes of action under both state and federal law. Id. at ¶¶ 68-70. No class has yet been certified, but Plaintiff moves for the appointment of interim counsel on the basis that her existing counsel, Bursor & Fisher, P.A. ("Bursor & Fisher"), is best qualified to represent the class in this litigation.

Pursuant to Rule 23(g)(3), the Court may designate interim class counsel to represent the interests of the alleged class in initial proceedings, even before determining whether to certify the class as a whole. Courts have held that the same standards applicable to choosing class counsel at the time of class certification apply in choosing interim class counsel. See In re Air Cargo Shipping Services Antitrust Litigation, 240 F.R.D. 56, 57 (E.D.N.Y.2006) ("Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed.R.Civ.P. 23(g)(1)(A) and (B) ], which governs appointment of class counsel once a class is certified, apply equally to the designation of class counsel before certification.").

"In appointing class counsel, the Court . . . must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may further consider, "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In addition, "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P.

23(g)(4).

The Court has reviewed Plaintiff's Motion and her supporting documentation and concludes that each of the relevant Rule 23 considerations supports appointment of Bursor & Fisher in this case.  As to the work counsel has done in identifying and investigating potential claims, Bursor & Fisher has already conducted extensive investigation into the efficacy of homeopathic products, Defendants' marketing strategies and representations, and Defendants' corporate structure.  Decl. of Annick M. Persinger, ¶¶ 10-11.  Counsel has also interviewed consumers and evaluated the role Defendants' claims play in purchasing decisions.  Id., ¶ 11.  Finally, counsel filed the instant action, served initial discovery, and anticipates engaging in further discovery and motion practice prior to the time a class would be certified.  Id., ¶ 12-13.  The work Bursor & Fisher has already completed will enable the firm to efficiently litigate this case through pre-certification proceedings and potential class certification.

As for the remaining factors, which are interrelated, Plaintiff has provided ample support for her position that Bursor & Fisher is eminently qualitied to represent a class in this type of litigation.  Counsel has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial.  Id., ¶¶ 3-9.  Moreover, Bursor & Fisher has been appointed co-lead counsel in another similar class action focused on purchasers of a children's homeopathic cold and flu remedies and in a separate multi-district litigation.  Id., ¶¶ 6-7.  Given counsel's experience litigating not only high-stakes class actions, but also actions concerning allegations very similar to those before the Court here, Counsel has also demonstrated the requisite knowledge of the applicable law.  In sum, Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so.  See id., ¶¶ 14-15.  The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class.

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion to Appoint Interim Class Counsel (ECF No. 18), Bursor & Fisher, is GRANTED.

IT IS SO ORDERED.

Dated:  October 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT