UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA MELGAR, | No. 2:14-cv-0160 MCE AC |
| Plaintiff, | |
| v. | ORDER |
| ZICAN LLC, et al., | |
| Defendants. | |

Pending before the court is defendant's ex parte application for an order shortening the time to hear their Motion To Strike plaintiff's supplemental designation of expert witnesses. ECF Nos. 61 (motion to strike), 62 (ex parte application for order shortening time). Plaintiff has opposed the ex parte application. ECF No. 63. For the reasons set forth below, the application will be denied.

1. The pending application is governed by E.D. Cal. R. ("Local Rule") 144(e). That rule provides that such applications "<u>will not be granted</u> except upon affidavit [or sworn declaration] of counsel showing a satisfactory explanation for the need for the issuance of such an order." Local Rule 144(e) (emphasis added). Defendant's declarations do not provide a satisfactory explanation of the need for this ex parte application.[1]

---

[1] In addition, the Local Rule provides that the application "will not be granted" absent a satisfactory explanation for "the failure of counsel to obtain a stipulation for the issuance of such

1

1    First, defendants waited nearly three weeks before moving to strike the supplemental
2    expert designations. The supplemental designations were filed on July 8, 2015. ECF No. 50.
3    Defendants then waited until July 14, 2015, nearly a week, before notifying plaintiff that they
4    would move to strike these designations. ECF No. 61-1 ¶ 11. Then, defendants waited until July
5    28, 2014, an additional two weeks, before filing the motion and seeking an order shortening the
6    time to hear the motion.[2] Defendants have offered no explanation for the three week delay from
7    the time the challenged designations were made, and the time they sought an order shortening
8    time.[3] This delay strongly counsels against granting the motion.

9    Second, defendants have not convinced the undersigned that they will be harmed by
10   hearing the motion on a regular briefing schedule. The reason defendants offer is that unless their
11   motion is granted, they anticipate that plaintiff will include evidence from the challenged experts
12   in her opposition to defendants' not-yet-filed motion for summary judgment. ECF No. 62
13   ¶ 15-17. Defendants further argue that deposing the challenged experts will entail "substantial
14   added expense and delay because Dr. Ernst is currently located in the United Kingdom." ECF
15   No. 62 ¶ 16. However, defendants have not shown that they have attempted to take these
16   depositions, and instead appear to be simply speculating about the possible delay.[4] If defendants

---

an order from other counsel or parties in the action." Local Rule 144(e). Defendant's declaration in support of the ex parte application makes no mention of any effort to obtain a stipulation for an order shortening time. See ECF No. 62. Defendants have also submitted a declaration in support of the substantive motion. ECF No. 61-1. That declaration makes no mention of any attempt to seek a stipulation, either. Plaintiff, meanwhile, has filed an opposition declaration averring that defendants did not seek such a stipulation, even though they notified plaintiff of their intent to file the notice to strike on July 14, 2015, two weeks before filing the ex parte application. ECF No. 63 at 4 ¶ 2. Defendants' failure to comply with the Local Rules further weighs against granting the application.

[2] Defendants initially filed the motion before the district judge assigned to the case. The motion was expeditiously re-filed on July 29 2015 before the undersigned, after the district judge so directed.

[3] The court notes that discovery motions must be noticed at least three weeks before the hearing. Local Rule 251(a). A timely request to shorten time could reasonably have gotten the hearing moved to July 29, 2015 (shortening the time by just a day or two of an application filed on July 9 or 10), and the matter would now already have been heard.

[4] It goes without saying that depositions of supplemental experts will involve "additional expense." This is so even if ultimately, the expert's opinion will not be offered at summary judgment or trial, or may be excluded. That is not a reason for denying the designation of

1 had noticed the depositions to occur during the <u>four weeks</u> between the time the experts were
2 designated (July 8, 2015) and the deadline for filing the summary judgment motion (August 6,
3 2015), they could have included evidence from those depositions in their anticipated summary
4 judgment motion.

5       In short, it is a problem of defendants' own making because (1) they delayed three weeks
6 before moving to strike the supplemental designations and requesting an order shortening time,
7 and (2) they have made no showing that they have attempted to take the depositions of the
8 supplemental experts, despite having four weeks to do so before their motion for summary
9 judgment is due.

10       2. Defendants are asking the undersigned to make a judgment, on an abbreviated
11 schedule, of whether the designated supplement experts will actually be giving "rebuttal"
12 testimony, or will be giving new testimony to supplement deficient testimony of other experts.
13 This is a possibly complex undertaking that the undersigned will not undertake on an artificially
14 abbreviated schedule.

15       3. For the reasons stated above, defendants' ex parte application for an Order Shortening
16 Time (ECF No. 62) is DENIED.

17 DATED: July 31, 2015.

18                                               _____/S/ Allison Claire_____
                                              ALLISON CLAIRE
19                                               UNITED STATES MAGISTRATE JUDGE

---

28 supplemental experts that is specifically authorized by the Scheduling Order and the Federal Rules of Civil Procedure.