PATRICK S. SWEENEY
PRO SE OBJECTOR
2672 Mutchler Road
Madison, WI 53711
Telephone: (424)-488-4383
patrickshanesweeney@gmail.com



## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

YESENIA MELGAR, on Behalf of
Herself and all Others Similarly
00160-MCE-AC
Situated,

    Plaintiff,

v.

ZICAM LLC and MATRIXX INITIATIVES, INC.,

    Defendants.

Case No. 2:14-cv-0160-MCE-AC

---

### OBJECTION OF PATRICK S. SWEENEY, PRO SE TO PROPOSED SETTLEMENT & NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

---

NOW COMES, Pro Se Objector PATRICK S. SWEENEY, PRO SE and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

Upon information and belief Patrick S. Sweeney, Pro Se ("Objector") has reviewed that certain notice of class action and proposed settlement which is dated

July 5, 2018 (the "Notice"). As a result, he believes that he is a member of the class, as it is defined in that Notice. He has filed a claim and his claim number is **375021.** His address, e-mail address and telephone number are listed at the beginning and conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does NOT intend to appear at the Fairness Hearing presently scheduled for November 15, 2018 at 2:00 p.m. in the United States District Court for the Eastern District of California at Robert T. Matsui Federal Courthouse located at 501 I Street, Sacramento, CA 95814.

## PREVIOUSLY FILED OBJECTIONS

Although Objector asserts this requirement is not relevant and violates Objector's constitutional rights, this Objector refers all parties to the website serialobjector.com to find the list of Objector's previously filed objections.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1. Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed

settlement orders no counsel, not various class counsel nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete. Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

2. No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover, the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3. No amount of attorney fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded attorney's fees would elevate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4. Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fee notwithstanding the amount of relief. This practice would be considered inequitable at best and excessive at worse in many other area of the law when awarding attorney fees.

5. The fee calculation is unfair in that the percentage of the settlement amount is far too high. After a review of the Docket there appears to be only 188 docket entries. In addition, very few entries were substantive in nature. The remaining Docket Entries were procedural in nature. Even so, 188 Docket Entries in a case that Class Counsel is asking for $4,800,480.00 in attorney fees in addition to Class Counsel's litigation expenses and costs which equates to a breathtaking $25,534.00 PER DOCKET ENTRY ! Further regarding

the Docket Entries, many were in the form of a Notice (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others Docket Entries were in regard to a *pro hoc vice* requests or changes in counsel; several of entries were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and, finally there were many Docket Entries from the Court or the Clerk's Office regarding procedural items. This is hardly the record of a case justifying Class Counsel's requested Attorneys' Fees in the amount of $4,800,480.00.

6. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for his role in improving the Settlement, if applicable.

September 18, 2018

Respectfully submitted,

Patrick S. Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
(424)-488-4383

patrickshanesweeney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2018, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Eastern District of California by sending this document via First Class U.S. Mail to the Clerk. When the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition, the undersigned has sent a copy via electronic mail to all counsel of record.

Patrick Sweeney, Pro Se