**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  scott@bursor.com
         ltfisher@bursor.com
         treyda@bursor.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA MELGAR, on Behalf of Herself and all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZICAM LLC and MATRIXX INITIATIVES, INC.<br>Defendants. | Case No. 2:14-cv-00160-MCE-AC<br><br>**CORRECTED FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Hon. Morrison C. England, Jr. |

On June 5, 2018, this Court granted preliminary approval of the proposed class action settlement between the parties ("Stipulation of Settlement").

The Court also provisionally certified a nationwide Settlement Class for settlement purposes, approved the procedure for giving notice and forms of Notice, and set a final approval hearing to take place on November 15, 2018. The Settlement Class is defined as: all residents of the United States of America who, from February 15, 2011 through June 5, 2018, purchased any of the Zicam Products (Zicam RapidMelts Original, RapidMelts Ultra, Oral Mist, Ultra Crystals, Liqui-Lozenges, Lozenges Ultra, Soft Chews, Medicated Fruit Drops, and Chewables). Excluded from this definition are the Released Persons. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section 5.3 of the Stipulation of Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by the Stipulation of Settlement and shall not be eligible to make a claim for any benefit under the terms of this Stipulation of Settlement.

On November 15, 2018, the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the complaint on the merits and with prejudice in favor of Defendants and against all persons or entities who are Settlement Class members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award attorneys' fees, costs and expenses to Class Counsel and whether and in what amount to make an incentive award to Plaintiff Yesenia Melgar.

The Court, having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice substantially in the form approved by the Court was given in the manner that the Court ordered to persons who purchased the Zicam Products at issue, as ordered by the Court, and having considered and determined that the proposed settlement of the claims of the Settlement Class Members against Defendants, as well as the release of Defendants and the Released Persons, and the awards of attorneys' fees and expenses requested and incentive awards ordered, are fair, reasonable and adequate, hereby ORDERS THAT:

1. The Stipulation of Settlement, including the definitions contained therein, is incorporated by reference into this Settlement Approval Order and Final Judgment.

2. The Court finds that the prerequisites for a settlement class under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied, for purposes of settlement only, in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Representative Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) the Representative Plaintiff has and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court has also conducted the choice of law analysis required by *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018) and determined that it can certify a nationwide class under Arizona law and that Arizona has a substantial interest in regulating the conduct of companies based in Arizona.

3. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies this action, for purposes of settlement, as a nationwide class action on behalf of: all residents of the United States of America who, from February 15, 2011 through June 5, 2018, purchased any of the Zicam Products (Zicam RapidMelts Original, RapidMelts Ultra, Oral Mist, Ultra Crystals, Liqui-Lozenges, Lozenges Ultra, Soft Chews, Medicated Fruit Drops, and Chewables). Excluded from this definition are the Released Persons. Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section 5.3 of the Stipulation of Settlement, shall no longer thereafter be Settlement Class Members and shall not be bound by this Stipulation of Settlement and shall not be eligible to make a claim for any benefit under the terms of this Stipulation of Settlement.

4. The Court appoints Bursor & Fisher, P.A. as counsel for the Settlement Class. The Court designates named plaintiff Yesenia Melgar as the Class Representative.

5. Notice of the pendency of this action as a class action and of the proposed settlement was given to Settlement Class Members in a manner reasonably calculated to provide the best notice practicable under the circumstances. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Stipulation of Settlement is approved as fair, reasonable and adequate, and the Settlement Class Members and the Parties are directed to consummate the Stipulation of Settlement in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees and expenses in the amount of $5,619,859.97. The Court also orders payment of an incentive award(s) in the amount(s) of $10,000.00 to Plaintiff Yesenia Melgar. These amounts are to be paid in the time and manner described in the Stipulation of Settlement.

8. The Action is hereby dismissed with prejudice and without costs as against Defendants and the Released Persons.

9. Representative Plaintiff and all Settlement Class Members (except any such person who has filed a proper and timely request for exclusion) are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all of the Released Claims against any of the Released Persons.

10. Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members (except any such person who has filed a proper and timely request for exclusion and any person or entity that purchased Zicam Products for purposes of resale and not for his/her/its own consumption (i.e., "Resellers'"), but solely in such Reseller capacity) shall be deemed to have, and by operation of law shall have, fully, finally and forever released, relinquished, and discharged, and shall be forever barred from asserting, instituting, or maintaining against any or all of the Released Persons, any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, relating in any way to the claims asserted or the factual or legal allegations made in the Action, including without limitation the

alleged inefficacy of the Zicam Products and/or the purchase of any of the Zicam Products at any time on or after February 15, 2011 through June 5, 2018 (collectively, the "Claims"). With respect to the Claims released pursuant to this paragraph, each Settlement Class Member shall be deemed to have waived, relinquished and released all claims that have or could have been asserted in the action consistent with the broadest scope of release permitted under *Hesse v. Sprint Corp.,* 598 F. 3d 581, 590 (9th Cir. 2010). Thus, as of the Final Settlement Approval Date, each Settlement Class Member shall be deemed to have expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the Claims, whether or not concealed or hidden, without regard to subsequent discovery of existence of different or additional facts.

11. Neither the Stipulation of Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered by any person or received against Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of the facts alleged by the Representative Plaintiff or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants;

(b) offered by any person or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any other wrongdoing by Defendants;

(c) offered by any person or received against Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained in

this paragraph shall prevent the Stipulation of Settlement from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement or the Settlement Approval Order and Final Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Settlement Approval Order and Final Judgment, the releases as to the Released Persons.

12. This Settlement Approval Order and Final Judgment constitutes a judgment within the meaning and for purposes of Rule 54 of the Federal Rules of Civil Procedure. Without affecting the finality of the Settlement Approval Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the disposition of the settlement benefits; (b) the settling parties for purposes of construing, enforcing and administering the Stipulation of Settlement; and (c) enforcement of the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs.

13. Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Stipulation of Settlement.

14. In the event that the Final Settlement Approval Date does not occur, this Settlement Approval Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered in connection herewith, except the Stipulation and Order Regarding Undertaking Re: Attorneys' Fees and Costs, shall be null and void.

IT IS SO ORDERED.

Dated: January 16, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE